IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 13-cr-00219-WJM

UNITED STATES OF AMERICA

      Plaintiff,

v.

RODNEY G. DE LA TORRE-REYNA

      Defendant.

## ORDER OF DETENTION

THIS MATTER came before the Court for a detention hearing on June 19, 2013. Present were the following: Martha Paluch, Assistant United States Attorney, Richard Banta, counsel for the defendant, and the defendant. The Court carefully considered the entire court file and the comments of counsel.

The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant, based upon the attached findings.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 19th day of June, 2013.

>By the Court:
>
>s/Craig B. Shaffer
>Craig B. Shaffer
>United States Magistrate Judge

United States v. Rodney De La Torre-Reyna
Case Number 13-cr-00219-WJM

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

This matter comes before the court on a Petition for Warrant or Summons for Offender Under Supervision.  The Petition alleges that on September 21, 2011, the defendant was placed on supervision by the Honorable Irma E. Gonzalez, sitting on the United States District Court for the Southern District of California, with standard conditions and the special condition that the defendant submit to any reasonable search conducted by at United States Probation Officer based on reasonable suspicion of contraband or evidence of a violation of a condition of release.  The defendant also was required to enroll in school and continue with community college until graduation.  The court subsequently modified the defendant's special conditions to also require that he participate in a program of substance abuse treatment and testing.  Jurisdiction over this matter was transferred to the District of Colorado on May 24, 2013.

During a hearing on June 19, 2013, the defendant waived his right to a preliminary hearing under Rule 32.1 of the Federal of Criminal Procedure.  Based upon the facts alleged in the Petition and in light of the defendant's waiver, the court finds probable cause to believe that the defendant violated one or more conditions of his release.

Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]."

In making my findings of fact, I have taken judicial notice of the information set forth in the Petition and the entire court file.  I further note the defendant's decision not to contest detention at this time, or to introduce any evidence bearing on the issue of detention.  Weighing all of the information presently before the court, I find that defendant has failed to sustain his burden under Rule 32.1.  I specifically note the Petition alleges the defendant recently was indicted in the District of Colorado, charged in Case No. 13-cr-00159-WJM with knowingly and intentionally conspiring to distribute and possess with the intent to distribute a controlled substance.  The defendant also has been charged with knowingly and intentionally using a communication facility in the commission of a drug trafficking felony.  The defendant presently is being detained in Criminal Case No. 13-cr-00159-WJM.  Given the defendant's other pending criminal prosecution and his current status as a pretrial detainee n that case, I find there is no combination of conditions that I could set that would properly assure the defendant's appearance at further proceedings in this matter.