IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No: 13-cr-00219-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

**RODNEY DELATORRE REYNA,**

Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT DELATORRE REYNA'S MOTION FOR *DE NOVO* REVIEW OF DETENTION ORDER AND REQUEST FOR HEARING (DOC. 22)

COMES NOW, the United States of America by John F. Walsh, United States Attorney for the District of Colorado, by and through the undersigned Assistant United States Attorney, and hereby files this response to Defendant Rodney Delatorre Reyna's Motion for *De Novo* Review of Detention Order and Request for Hearing (Doc. 22).

The Defendant, in his motion, asks the Court to grant the motion for *De* Novo review of the Magistrate's detention order and requests a hearing on the motion. The Defendant does not state what relief the Defendant is requesting, i.e. either placement in a halfway house or release to bond with conditions. The Government submits that the findings of the Magistrate Court in this matter were proper and support the order of detention. The Government further submits that further hearing on this issue is unnecessary as the Defendant has not set forth sufficient new facts to warrant further

hearing. The Defendant states simply and without detail in his motion that there is new evidence for the Court to consider including "his ties to the community, his family situation, his proposed residence, employment and the status of this case and the related case, United States v. Rodney Delatorre-Reyna, 13-cr-00259-WJM." The Defendant does not state with any specificity what that new evidence is. Finally, the Government continues to assert that the Defendant has not overcome the presumption of detention and submits that the request for release on conditions should be denied.

### I.    FACTS

A detention hearing was held in this matter on June 19, 2013 in front of the United States Magistrate Judge for the United States District Court for the District of Colorado. At that time, the Defendant did not contest detention due to the detention order in case 13-cr-159-WJM-8.

### II.    LEGAL STANDARD REGARDING DETENTION

Pursuant to 18 U.S.C. §3142(g), the judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning four different areas. Those areas are discussed more fully below.

### III.    LEGAL ARGUMENT

A. The Motion for Bond Should be Denied Based on the Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))

The Defendant is before the Court following a petition to revoke his supervised

release. This revocation is based on the Defendant committing a new law violation by being indicted in case 13-cr-159-WJM in a large scale cocaine and crack cocaine distribution conspiracy, pursuant to 21 U.S.C. §841(a)(1), (b)(1)(A)(iii), and 846, as well as in several substantive counts. The nature of the conspiracy, the scale of the conspiracy and the amount of narcotics distributed is substantial and significant. A violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(iii), and 846 carries a statutory mandatory minimum sentence of 120 months and a statutory maximum sentence of life. The Defendant is on supervised release in the instant case for alien smuggling. The Defendant has also previously been convicted of a state misdemeanor offense involving narcotics. The Defendant is subject to the rebuttal presumption of detention due to the charges against him in case 13-cr-159-WJM.

B.   The Motion for Bond Should be Denied Based on the Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2))

The weight of the evidence against the Defendant and supporting the drug conspiracy is substantial in case 13-cr-159-WJM. The Defendant was intercepted on 135 wiretapped phone calls engaging in drug trafficking activity. These phone calls are further supported by other evidence obtained during the investigation which confirmed the Defendant's involvement in the conspiracy.

C.   The Motion for Bond Should be Denied Based on the History and Characteristics of the Defendant (18 U.S.C. §3142(g)(3))

The Court should also consider as a factor in these proceedings the history and characteristics of the Defendant. The Defendant is a young man with a significant criminal history. In September, 2011, the Defendant was convicted in the United States

District Court for the Southern District of California with Alien Smuggling.  This is the instant case before the Court.  In that offense, the Defendant, with others, attempted to bring an individual into the United States from Mexico in a hidden compartment in a vehicle.  The Defendant was convicted of a federal felony offense at that time and placed on supervised release.  In October of 2011, the Defendant's probation was transferred back to the District of Colorado and on October 1, 2011, probation officers contacted the Defendant at his home for his first home visit.  At that time, the Defendant told the officers that he had a firearm in his house that was for "hunting."  Probation officers located an AR-15 semi-automatic assault rifle in the Defendant's bedroom.  The Defendant alleges in his bond motion that the gun was legal.  The Government agrees that the firearm was not stolen, defaced or altered in anyway, however, the simple act of possessing the firearm made the gun illegal.  The Defendant was a convicted felon in possession of a firearm.  Additionally, the Government submits that an AR-15 is not a rifle commonly used for "hunting."

Most importantly, the Defendant committed the serious offense in case 13-cr-159-WJM, while on supervised release for this case.  Essentially, the Defendant was involved in a substantial drug trafficking case after being given an opportunity by the California Court to remain in the community and out of custody.  This behavior demonstrates that the Defendant appears to be unable to comply with basic community supervision conditions.

According to the probation department, the Defendant tested positive for cocaine on June 26, 2012 while on supervised release. The pre-trial release report also

indicates the Defendant has had past gang affiliation. Though a naturalized United States citizen, the Defendant was born in the Republic of Mexico and has travelled frequently to Mexico. As previously stated, the Defendant's California offense involved the attempted smuggling of a person from Mexico into the United States.

D.    The Motion for Bond Should be Denied Based on the Nature and Seriousness of the Danger to Any Person or the Community that would be Posed by the Defendant's Release (18 U.S.C. §3142(g)(4))

The United States sought and continues to seek detention in this case. The Defendant is subject to the rebuttal presumption in case 13-cr-159-WJM as the offense he is charged with involves a maximum term of e imprisonment of ten years or more under the Controlled Substances Act. The Magistrate Court can and did clearly look at the Defendant's prior criminal history and convictions as outlined above under the provisions of 18 U.S.C. §3142(g)(4) to determine the nature and seriousness of the danger to any person or the community that would be posed by his release. Such an evaluation is proper under the statutory confines that it was used for. The Defendant has demonstrated an inability to comply with Court orders of supervision both by reoffending while on supervision and by using illicit drugs while on supervision. As a result of these demonstrated behaviors, the Government maintains that the Defendant continues to present a danger to the community.

E.    Risk of Flight

The Defendant does appear to have family ties in the community. However, the Defendant has significant ties to the Republic of Mexico. Additionally, the Defendant has demonstrated a repeated inability to abide by Court rules. Additionally, the

Defendant has a significant criminal history and is facing a prison sentence in this matter as well as a mandatory minimum ten year sentence to the Bureau of Prisons in case 13-cr-149-WJM.   Based on the above factors, the Government believes the Magistrate Court's finding that the Defendant presents a risk of flight is the correct finding.

F.     There Are No New Factors Sufficient to Justify a Change in the Detention Order

The Bail Reform Act provides that the District Court may at any time amend an order of detention to impose additional or different conditions of release.   18 U.S.C. § 3142(c)(3).   However, absent a clear error of law, a detention order should not be amended unless the underlying factual circumstances have changed in some significant way.   United States v. Rouleau, 673 F. Supp. 57, 59 (D. Mass 1987); United States v. Ishraiteh, 59 F.Supp. 2d 160 (D. Mass. 1999).

In the present case, the Defendant has not alleged any changes in circumstance with specificity.   The Defendant cites his ties to the community, his family situation, his proposed residence and his employment as grounds for his release, yet the Defendant does not discuss what those changes are.

Given all of the above factors, the Government submits that bond is not warranted for the Defendant in this matter.

IV.     **CONCLUSION**

Based on all of the considerations above, the Government submits that the findings of fact, conclusions of law and reasons for the order of detention were correct,

and were not a clear error of law. The Government further submits that the underlying

factual circumstances have not changed.

The Defendant has not presented sufficient new evidence which shows a change

of condition or change in the status of the case. Absent persuasive new evidence, the

Magistrate Judge's finding should not be reversed and the motion for bond should be

denied.

Dated this 22nd day of October, 2013.

RESPECTFULLY SUBMITTED:

JOHN F. WALSH
UNITED STATES ATTORNEY

BY:   *s/ Susan D. Knox*
Assistant United States Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone (303) 454-0100
Fax (303) 454-0409
susan.knox@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2013, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT DELATORRE REYNA'S MOTION FOR *DE NOVO* REVIEW OF DETENTION ORDER AND REQUEST FOR HEARING (DOC. 22)** with the Clerk of the Court using the CM/ECF system which will send notification of the same to any and all counsel of record.

By: *s/ Solange Reigel*
SOLANGE REIGEL
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: 303-454-0100
Facsimile: 303-454-0409
E-mail: Solange.Reigel@usdoj.gov