**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez**

Criminal Action No.  13-cr-0219-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  RODNEY G. DE LA TORRE-REYNA,

    Defendant.

---

**ORDER DENYING MOTION FOR *DE NOVO* REVIEW OF DETENTION ORDER
AND REQUEST FOR HEARING**

---

Before the Court is Defendant's Motion for *De Novo* Review of Detention Order and Request for Hearing ("Motion").  (ECF No. 22.)  For the reasons set forth below, the Motion is denied.

### I.  LEGAL STANDARD

A district court reviews *de novo* a magistrate judge's detention order.  *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003); 18 U.S.C. § 3145(b).  A district judge reviewing a magistrate judge's detention order may consider the evidence presented during the original detention hearing and may permit the parties to submit new evidence.  *Cisneros*, 327 F.3d at 617. Although the Court's review is *de novo*, an evidentiary hearing is not required.  See *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002).

## II.  GENERAL LAW RELEVANT TO PRETRIAL DETENTION

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *id.* § 3142(b), (c).  A judicial officer may make such a finding only after holding a hearing according to the procedures specified in § 3142(f), and the government ordinarily bears the burden of proof at that hearing.  The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence.  *See* 18 U.S.C. § 3142(f).

"[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer must consider:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).  If, after consideration of the above factors, a judicial officer orders that a defendant be detained, the order must "include written findings of fact and a written statement of the reasons for the detention."  *Id.* § 3142(i)(1); *see also* Fed. R. App. P. 9(a)(1) ("The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case.").

The analysis is slightly different for a defendant charged with particular offenses, such as a drug offense in which the maximum term of imprisonment is ten years or more.  *See* 18 U.S.C. § 3142(e)(3).  In such cases, if the Court finds probable cause to believe that the defendant committed the offense, then there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community".  *Id*.

### III.  APPLICATION

At Defendant's preliminary revocation hearing before Magistrate Judge Craig B. Shaffer, Defendant did not contest detention.  (ECF No. 8.)  Magistrate Judge Shaffer ordered that Defendant be detained based on his finding that no condition or combination of conditions could reasonably assure Defendant's appearance at future hearings and the safety of the community.  (ECF No. 10.)  Specifically, Magistrate Judge Shaffer found that Defendant had recently been indicted in Case No. 1:13-cr-159 with knowingly and intentionally conspiring to distribute crack and powder cocaine.  (*Id*. at 3.)  Magistrate Judge Shaffer noted that, after contesting detention in that case, Defendant was ordered detained.  (*Id.*)  Based on Defendant's status as a pretrial

detainee in the drug conspiracy case, Magistrate Judge Shaffer found that Defendant should be detained pending resolution of this violation of supervised release case.  (*Id.*)

In the instant Motion, Defendant argues that he reserved the right to raise the issue of detention in this case, when and if he contested his detention in the drug conspiracy case.  (ECF No. 22.)  The Court agrees that Defendant's position is an accurate recitation of the record; however, the Court has considered Defendant's detention status in the drug conspiracy case and, after *de novo* review, found that Defendant has not shown any change of circumstances that warrants his release at this time.  The Court herein adopts and incorporates the reasoning set forth in its October 25, 2013 Order Denying Defendant's Motion for *De Novo* Review entered in Case No. 1:13-cr-159.  As Defendant has raised no additional arguments in the instant Motion, no additional analysis is required.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follow:

1. Defendant Rodney Delatorre Reyna's Motion for *De Novo* Review of Detention Order and Request for Hearing (ECF No. 22) is GRANTED IN PART and DENIED IN PART;
2. The Motion is GRANTED to the extent it asks the Court to review *de novo* whether Defendant should be detained pending a final hearing on his supervised release violation but DENIED to the extent it seeks a hearing on the Motion and release on bond; and

3. Defendant Delatorre Reyna shall continue to be DETAINED pursuant to the conditions set forth in Magistrate Judge Shaffer's June 19, 2013 Order of Detention (ECF No. 10).

Dated this 25th day of October, 2013.

BY THE COURT:

William J. Martinez
United States District Judge